# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| TIMOTHY CALDWELL, | ) |
| | ) |
| Movant, | ) |
| | ) |
| v. | ) Case No. 4:12CV771 JCH |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on movant's amended motion to vacate, set aside or correct sentence. The motion is a "second or successive motion" within the meaning of 28 U.S.C. §§ 2244 & 2255 but has not been certified by the United States Court of Appeals for the Eighth Circuit as required by the AEDPA. As a result, the amended motion to vacate will be dismissed.

On August 16, 2001, a federal grand jury returned a single count Indictment, charging movant, a previously convicted felon, with unlawfully possessing a firearm that had traveled in interstate commerce, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(e), the Armed Career Criminal Act. Following a jury trial on June 27, 2002, movant was found guilty of being a previously convicted felon in possession of a firearm. After concluding movant was an armed career criminal, by virtue of three prior burglary convictions, the Court sentenced movant to 240 months'

imprisonment, followed by five years supervised release. United States v. Caldwell, 4:01CR350 JCH. On August 6, 2003, movant's conviction and sentence were affirmed on appeal. United State v. Caldwell, 339 F.3d 680 (8th Cir. 2003).

Movant filed his first motion to vacate pursuant to 28 U.S.C. § 2255 on September 1, 2004. This Court denied the motion and dismissed movant's claims with prejudice. Movant did not appeal the dismissal.

In the instant motion, movant claims that he should not have been sentenced under the Armed Career Criminal Act. Movant also claims, as he did in his prior motion to vacate, that his counsel was ineffective for (1) failing to perform an appropriate pre-trial investigation and for (2) abandoning him on appeal.

Under 28 U.S.C. § 2255:

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense . . .

Absent certification from the United States Court of Appeals, this Court lacks authority under § 2255 to grant movant's requested relief. As a result, the amended motion to vacate shall be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that movant's amended motion to vacate, set aside or correct sentence, pursuant to 28 U.S.C. § 2255, is **DENIED**.

**IT IS FURTHER ORDERED** that the Court will not grant movant a certificate of appealability.

Dated this <u>17th</u> day of May, 2012.

/s/Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE